IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATTY FORTNEY,                )
                              )
            Plaintiff,        )
                              )
      v.                      ) Civil Action No. 07-236J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for supplemental security income on July 21, 2005, alleging a disability onset date of January 1, 1999, later amended at the hearing to February 5, 2005, due to heart and back problems, high blood pressure, high cholesterol, asthma, depression and anxiety. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 12, 2006, at which plaintiff, represented by counsel, appeared and testified. Also testifying at the hearing was plaintiff's sister. On November 22, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On July 20, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has a high school education. Plaintiff has past relevant work experience as a cashier, a clothes press operator and an envelope machine operator, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's sister and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of back problems, coronary artery disease, anxiety and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the sedentary exertional level but with certain restrictions recognizing the limiting effects of her impairments. (R. 17). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including telephone quotation clerk, final assembler and product inspector. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The

impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity; (2) the ALJ's hypothetical to the vocational expert failed to account for all the limitations arising from all of plaintiff's

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

impairments, both severe and not severe; and, (3) the ALJ failed to undertake a function by function assessment of plaintiff's ability to perform work-related activities. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff's primary argument is that the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to consider the conditions of anxiety/depression, radiculopathy, multiple sclerosis and varicose veins, and the impact of those impairments on plaintiff's ability to perform work on a sustained basis. Plaintiff's argument is belied by the record.

First, the contention that the ALJ failed to consider plaintiff's mental impairments is completely baseless. In fact, not only did the ALJ consider plaintiff's anxiety and depression, she explicitly found those impairments to be severe and incorporated numerous restrictions into her residual functional capacity finding to accommodate plaintiff's limitations arising from those impairments, including restricting plaintiff to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple work-related decisions and relatively few work place changes. (R. 17).

Plaintiff's assertion that the ALJ entered "conflicting" findings by concluding that plaintiff's anxiety and depression are

severe impairments, but not also finding them to be disabling, is completely contrary to fundamental social security law. It is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis of an impairment, or even a finding that an impairment is severe, does not dictate a finding of disability. Otherwise, the sequential evaluation process would end at step two and nearly every individual who filed a claim would be disabled, as the standard for severity at step two is *de minimus* and requires only a slight abnormality. Newell, supra, 347 F.3d at 546.

The court also finds no error in the ALJ's evaluation of plaintiff's GAF score of 45, indicating "serious" symptoms, calculated on an intake form at the Nulton Diagnostic Center in September of 2006. The use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health,[2] is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that

---

[2]. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994).

evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d). The ALJ did so here and adequately explained her reasons for not according the GAF score significant weight. (R. 20). The court is more than satisfied that the ALJ properly considered plaintiff's GAF score in evaluating plaintiff's mental health impairments and their impact on plaintiff's ability to perform sustained work activity.

The court likewise is satisfied that the ALJ adequately considered radiculopathy and venous insufficiency in assessing plaintiff's residual functional capacity. As with anxiety and depression, the ALJ explicitly found that plaintiff's back problems, obviously encompassing a diagnosis of right S1 radiculopathy in March of 2005, constitute a severe impairment, and the ALJ accounted for those problems in the residual functional capacity finding by limiting plaintiff to sedentary work with only occasional postural maneuvers. (R. 17). The ALJ also expressly considered plaintiff's treatment for varicose veins but found that there is no evidence that venous insufficiency affects claimant's ability to perform work-related duties and therefore concluded that this condition is not severe. (R. 16). The ALJ's findings in this regard are supported by substantial evidence in the record and otherwise are not erroneous.

Plaintiff also contends that the ALJ failed to consider the impairment of multiple sclerosis and its impact on plaintiff's

ability to perform sustained work activity. Again, plaintiff's argument is belied by the record. The ALJ specifically addressed in her decision the results of an MRI dated October 12, 2006, a month after the hearing and only a month before the ALJ's decision, which was "highly suggestive of a demyelinating process, likely multiple sclerosis and mild cerebral atrophy." (R. 18). However, the ALJ also noted that there was no evidence of a follow-up to confirm this diagnosis subsequent to the initial MRI.

The court believes that the ALJ adequately evaluated the medical evidence before her as it relates to a possible diagnosis of multiple sclerosis. The only evidence in the record available to the ALJ dealing with this condition was the October 12, 2006, MRI, the results of which were "suggestive" of "likely" multiple sclerosis, but fell short of a definitive diagnosis. Moreover, there was no additional medical evidence in the record at the time of the ALJ's decision to support a finding that plaintiff's ability to perform work-related activities was affected by a possibility of multiple sclerosis.[3]

---

[3] Although on appeal plaintiff points to evidence from Dr. Hall which she suggests confirms a diagnosis of multiple sclerosis, this evidence was not before the ALJ but instead first was presented by plaintiff to the Appeals Council, which subsequently denied review. Under the law of the Third Circuit, when the Appeals Council denies review and the plaintiff seeks to rely on evidence that was not before the ALJ, the district court may not consider that evidence and may remand only if the evidence is new and material and if there is good cause as to why it was not presented previously to the ALJ. Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Here, plaintiff has not even moved for a sentence 6 remand for consideration of this evidence let alone established any of the three requisite factors authorizing such a remand.

Accordingly, the court is satisfied that the ALJ considered the available medical evidence before her at the time of her decision and properly concluded that, <u>at that time</u>, there was insufficient evidence to find that plaintiff's possible multiple sclerosis was a severe impairment or that it affected her ability to perform work-related functions. If plaintiff believes that her multiple sclerosis was definitively diagnosed <u>and</u> that it affected her ability to work, or became disabling, <u>after</u> the date of the ALJ's decision, her recourse in that event is to file a new application.

Finally, to the extent plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, again, the record fails to support plaintiff's position. The ALJ specifically noted in her decision that she considered all of plaintiff's impairments in combination and her residual functional capacity finding, which incorporates limitations arising from all of plaintiff's impairments, demonstrates that she did just that. The court has reviewed the record and is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Plaintiff's second argument is that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's impairments and limitations. However, plaintiff does not point to any specific limitations for which the ALJ failed to account but instead merely alleges that, in questioning the vocational expert, the ALJ failed to consider plaintiff's anxiety, depression, radiculopathy, venous insufficiency and multiple sclerosis. As discussed above, however, the ALJ adequately considered each of those conditions in her decision and the record does not support any additional limitations beyond those enumerated in the ALJ's residual functional capacity finding.

A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical based upon the ALJ's residual functional capacity finding which did account for all of plaintiff's impairments and limitations <u>supported by the record</u>, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

Plaintiff's final argument is that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p in regard to an assessment

of plaintiff's residual functional capacity. The ALJ first identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §416.945(b), (c) and (d). The ALJ then incorporated into her residual capacity finding all restrictions on plaintiff's functional abilities arising from her impairments that were supported by the record, including postural and mental restrictions. (R. 17). The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
131 Market Street
Suite 200
Johnstown, PA 15901

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901